## Lafon *vs* Chinn.

### APPEAL FROM THE FAYETTE CIRCUIT.
### *Assumpsit. Partners and partnership.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

CHINN sued Caldwell and Lafon as co-partners in a baging factory, in assumpsit, for the services of a slave hired by Caldwell, to work in the factory, and who was employed in the same, and for medical services rendered by himself as a physician, in attending the hands in the factory. Lafon pleaded non-assumpsit, contending that he was not a partner, nor liable as such to pay the demand sued for. The facts and law having been submitted to the Court, judgment was rendered for the plaintiff, and Lafon has appealed to this Court.

The plaintiff proved that at the instance of Caldwell he rendered the services sued for, and hired the slave to Caldwell to work in the factory, and he was so employed, and read to the Court an article of agreement between Cald-

well to furnish looms and manufacture it into baging at three and a half cents per yard; Lafon to export and sell, and after paying C. the three and a half cents for manufacturing and Lafon for the hemp, transportation, &c. to divide the profits equally. Chinn hired *Caldwell* a slave, sued Caldwell & Lafon as partners— Held that if the contract was with Caldwell individually and not with the firm that Lafon was not responsible as a partner for the hire of the slave.

well and Lafon, before that time executed, in which it was in substance agreed that Caldwell was to fit up and keep in repair four power looms, for manufacturing baging, and Lafon was to furnish the hemp, and Caldwell was to manufacture the hemp into baging at three and a half cents a yard, and as manufactured, the baging was to pass into the hands of Lafon for exportation and sale, and after paying to Caldwell the three and a half cents, and to Lafon the cost of the raw material and all the costs of transportation, the nett profits to be equally divided between them; Caldwell was to superintend the factory and Lafon to advance the funds, purchase the hemp, and attend to the sale of the baging; until other arrangements might be made, the tow and hemp not fit to be manufactured into baging, was to be disposed of, or manufactured as the parties might agree, at their equal and joint *profit and loss.* The partnership to continue for three years from the 1st January, 1842.

It is clear, by the terms of the article, that Caldwell was to provide the hands and machinery and manufacture the hemp at a fixed price, at his own cost and upon his individual responsibility. Lafon was not to be responsible for either, nor could he, in the least, be benefitted, whether they were furnished at one price or another; nor could Caldwell's compensation be increased or diminished by the price given, or the costs of superintending the hands. Certainly between the parties, Caldwell could not be made liable for the hemp to be purchased by Lafon, nor Lafon be made liable for the machinery and hands furnished by Caldwell. That Caldwell might make a contract with third persons, for the hire and superintendence of the hands upon his *individual responsibility,* cannot be doubted. In this case it does not appear that he made the contract for the use or in behalf of the firm, but the presumption may be fairly indulged that he made it, as he should have made it, according to the stipulations with Lafon, in *his own name,* and for his *own use,* and upon his *individual responsibility.* And if he did so, Chinn must have known it and looked to him only for pay. That Chinn was not deluded into the contract upon the faith of the firm, is obvious from the fact, that

he exhibits the article and relies upon it alone as evidence of the firm's responsibility, admitting in the agreed case, that Caldwell alone made the contract with him. And from the fact that he exhibits the article and relies upon it alone as the basis of his right to recover against the firm, and relies upon no other, the presumption may be indulged that he was cognizant of the duty and obligation of Caldwell to furnish the hands, &c. upon his own responsibility, and that he, in making the contract, looked to no other source for his pay.

Upon the whole, we think, as the case now stands in the proof, that the Circuit Court erred in rendering judgment against Lafon. The judgment is, therefore, reversed, and cause remanded, that a new trial may be granted and further proceedings had.

*Robinson & Johnson* for appellant: *Robertson* for appellee.